J-S38024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.               :
:
:
ISAIAH FREEMAN            :
:
Appellant        :   No. 1287 EDA 2022

Appeal from the PCRA Order Entered April 21, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0006135-2017

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:        **FILED DECEMBER 29, 2022**

Isaiah Freeman (Appellant) appeals from the denial, following a hearing, of his first counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

The PCRA court summarized the underlying facts as follows:

On July 6, 2017, at approximately 6:30 p.m., [Appellant] stalked and, as he admitted when he took the stand at trial, shot 16-year-old Jordan Scott ("Scott") and Scott's juvenile friend, [T.W.], as the boys walked along Chain Street toward Blackberry Alley in Norristown, Montgomery County.  [T.W.] survived.  Scott was killed.  Minutes before the shooting, [Appellant] was the front seat passenger in a dark grey 2013 Dodge Charger … owned and operated by [Appellant's] 30-year-old co-Defendant, William Wilson ("Wilson" or co-Defendant).  They were accompanied by another juvenile … in the backseat.  While driving, [Appellant] caught sight of Scott and [T.W.] walking along the sidewalk, at which point [the men] hatched a plan for [Appellant] to ambush and shoot them.

By way of background, [Appellant's] ambush of Scott and [T.W.] arose out of an escalating feud between what the parties called

the "the Norristown boys", of which [Appellant] and co-Defendant Wilson were members, and another faction, "the Pottstown boys", of which Scott and [T.W.] were members. The feud began a few days earlier on or about July 1, 2017, with a fist fight between a juvenile member of each respective group[.] … The derisive division was further exacerbated by a shooting which occurred on July 5, 2017, at approximately 12:40 a.m., when multiple witnesses reported hearing shots ring out near the corner of Green and Marshall Streets in Norristown. Evidence at trial suggested that Scott received a single non-lethal gunshot wound in that July 5th incident which[,] Scott believed, was at the hands of [Appellant] as the shooter. Additionally, the Commonwealth presented evidence of a Facebook call to [Appellant] wherein Scott bragged that he was still alive, and [Appellant] retorted that he was going to kill Scott.

Seconds before the shooting the very next day, on July 6th, surveillance video captured Wilson parking his Charger surreptitiously along Blackberry Alley so that [Appellant], who Wilson had armed with a black handgun drawn from beneath his driver's seat, could exit the vehicle quickly without notice and ambush the two unsuspecting victims as they walked along Chain Street. [Appellant] can then be seen sneaking up to the corner with a dark hoody drawn over his head to conceal his identity, jumping out from around the building's corner, and repeatedly firing the black handgun … fatally wounding Scott and seriously injuring [T.W.]

PCRA Court Opinion, 7/6/22, at 1-2 (footnotes omitted).

In April 2018, a jury convicted Appellant of one count each of first-degree murder, conspiracy, and unlawful possession of a firearm, and two counts of aggravated assault. On July 10, 2018, the trial court sentenced Appellant to life in prison without the possibility of parole. On December 22,

- 2 -

2020, this Court affirmed the judgment of sentence. ***Commonwealth v. Freeman***, 245 A.3d 1092 (Pa. Super. 2020) (unpublished memorandum). Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

On May 24, 2021, Appellant *pro se* filed a timely PCRA petition. The PCRA court appointed counsel, who filed an amended petition on November 8, 2021. The PCRA court held an evidentiary hearing on March 4, 2022. On April 21, 2022, the PCRA court entered an order denying relief. This timely appeal followed.[1]

Appellant presents the following questions for review:

1. [Whether] [t]he PCRA [c]ourt erred by denying the Appellant's request for a new trial or an arrest of judgment due to the ineffectiveness of [t]rial [c]ounsel's failure to properly investigate, discover and adequately prepare witnesses to corroborate Appellant's testimony at trial about his reasonable fear of death or serious bodily injury at the hands of Jordan Scott[?]

2. [Whether] [t]he PCRA [c]ourt erred by denying the Appellant's request for a new trial or an arrest of judgment due to the ineffectiveness of [t]rial [c]ounsel's failure to request the [c]ourt to instruct the [j]ury on the issue of unreasonable self-defense[?]

---

[1] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

- 3 -

> 3.     [Whether] [t]he PCRA [c]ourt erred by denying the Appellant's request for a new trial or an arrest of judgment due to the ineffectiveness of [t]rial [c]ounsel's failure to properly investigate, discover and adequately present the defense of [d]iminished [c]apacity thereby rendering the Appellant incapable of forming the specific intent to commit First Degree Murder[?]

Appellant's Brief at 4.

> We begin by recognizing our standard of review:

> To be eligible for PCRA relief, a petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa.C.S. § 9543(a)(2) (delineating the eligibility requirements of the PCRA). A petitioner also must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. *Id.* at § 9543(a)(3).

> \*\*\*

> ... It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper,*** 596 Pa. 119, 941 A.2d 655, 664 (2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad,*** 595 Pa. 188, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the [ineffective assistance of counsel] elements on appeal to this Court"). A petitioner's failure

to satisfy any prong of this test is fatal to the claim. ***Cooper,*** 941 A.2d at 664.

When [an appellate c]ourt reviews an order dismissing or denying a PCRA petition, its standard of review is whether the findings of the PCRA court are supported by the record and are free from legal error. "The PCRA court's credibility determinations, when supported by the record, are binding on this Court[.]" ***Commonwealth v. Mason,*** 634 Pa. 359, 130 A.3d 601, 617 (2015) (quoting ***Commonwealth v. Roney,*** 622 Pa. 1, 79 A.3d 595, 603 (2013)). "Appellant has the burden to persuade this Court that the PCRA court erred and that such error requires relief." ***Commonwealth v. Wholaver,*** 644 Pa. 386, 177 A.3d 136, 144-45 (2018).

***Commonwealth v. Reid***, 259 A.3d 395, 405-06 (Pa. 2021).

In his first issue, Appellant argues trial counsel was ineffective for failing to investigate and call potential defense witnesses Dontae Webb (Webb), Dontae Parker (Parker), and Iniyah Hayes (Hayes). Appellant's Brief at 11-32. Appellant claims these witnesses would have "corroborat[ed] Appellant's testimony about his reasonable fear of death or serious bodily injury at the hands of Jordan Scott." ***Id.*** at 11. Appellant also asserts the witnesses would have testified that Appellant "was not the individual who shot Scott on July [5], 2017, and therefore did not provoke this incident." ***Id.*** at 28.

To prove that trial counsel was ineffective for failing to call a witness, a petitioner must demonstrate:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Brown*, 196 A.3d 130, 167 (Pa. 2018).

The record does not support Appellant's claim regarding Hayes, who is Appellant's sister. *See* N.T. 4/20/18, at 317. Trial counsel sought to call Hayes, but the Commonwealth objected because Hayes had violated the trial court's sequestration order. *Id.* The trial court sustained the objection and precluded Hayes from testifying. *Id.* Appellant challenged the trial court's ruling on direct appeal, and this Court affirmed. *Freeman*, 245 A.3d 1092, at *4. As this issue was previously litigated and Hayes was not available to testify, counsel cannot be ineffective for failing to call her as a witness. *See Reid,* 259 A.3d 405; *Brown*, 196 A.3d at 167.

With respect to Webb and Parker, trial counsel testified at the PCRA hearing that Appellant never told him about Webb and Parker. N.T., 3/4/22, at 51; *see also id.* at 52 ("he never identified these [witnesses."]). The PCRA court credited this testimony. *See* PCRA Court Opinion, 7/6/22, at 10. *See also Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa. Super. 2014) (PCRA court's credibility determinations, if supported by record, are

binding on this Court); ***Commonwealth v. Martin***, 5 A.3d 177, 197 (Pa. 2010) (factual findings of PCRA court, "which hears evidence and passes on credibility of witnesses, should be given great deference"). Because trial counsel did not know about Webb and Parker, he cannot be ineffective for failing to call them as witnesses. ***See Brown***, 196 A.3d at 167.

The record further supports the PCRA court's determination that Appellant was not prejudiced by the absence of Webb and Parker's testimony. The PCRA court explained:

> [Appellant] unequivocally admitted during trial that he shot Scott and [T.W.] He argues in his Amended PCRA Petition that [Webb and Parker's] proposed testimony that he did not shoot Scott in the early morning of July 5th would have corroborated his testimony that he did not shoot Scott [that morning,] and he feared for his own life at the hands of Scott, who he believed came to Norristown looking for him. The underlying premise for this improbable defense was that Scott believed [Appellant] shot him on July 5th and was coming for revenge. Whether [Appellant] actually shot Scott on July 5th was thus of little moment as Scott's mental state was the issue and, in fact, the jury believing that [Appellant] did not shoot Scott on July 5th could arguably diminish [Appellant's] claim that Scott was coming to get him.
>
> Most crucially, even had these witnesses testified, the outcome of the trial would have remained the same. The overwhelming, clear evidence demonstrated that [Appellant] ambushed Scott and [T.W.] He hid behind a wall and waited for Scott and [T.W.] to approach. Then, he jumped out from behind the wall and began rapidly firing at Scott and [T.W.] This evidence clearly precludes any argument of self-defense, even imperfect self-defense, by [Appellant] because he failed to retreat from the alleged threat

posed by Scott. Thus, the trial outcome would not have differed had these witnesses testified.

PCRA Court Opinion, 7/6/22, at 11 (footnote omitted). The record and law support the PCRA court's reasoning. Accordingly, Appellant's first issue does not merit relief.

In his second issue, Appellant argues trial counsel was ineffective for "fail[ing] to request the [c]ourt to instruct the [j]ury on the issue of unreasonable self-defense." Appellant's Brief at 32; *see also id.* at 32-37. Appellant acknowledges that trial counsel planned to ask for this instruction, but subsequently agreed with the trial court that it was not warranted. *See id.* at 34; N.T., 4/20/18, at 322-24.

In finding otherwise, the PCRA court reasoned:

The Pennsylvania Supreme Court has held that where the evidence could not have reasonably supported a finding of unreasonable belief in the necessity of using deadly force in self-defense, a defendant charged with murder is not entitled to a jury instruction on "unreasonable belief" voluntary manslaughter; therefore, trial counsel was not ineffective for failing to except to trial court's failure to charge on it. *Commonwealth v. Carter*, 466 A.2d 1328 (Pa. 1983). "Simply because unreasonable belief voluntary manslaughter sometimes may arguably be a lesser-included offense of murder is not a valid reason upon which to base a requirement that a trial judge must instruct a jury **on an offense extraneous to the proof at trial**." *Id.* at 1332. (internal citation omitted) (emphasis added). *See also Commonwealth v. Broaster*, 863 A.2d 588 (Pa. Super. 2004) (holding, in part, that jury instruction on voluntary manslaughter

- 8 -

that included imperfect self-defense was not warranted). Notably, the **Broaster** Court found that defendant had failed in his duty to retreat. **Id.** at 597.

> A claim of imperfect self-defense must satisfy all the requisites of justifiable self-defense (including that the defendant was not the aggressor and **did not violate a duty to retreat safely**), with the exception that imperfect self-defense involves an unreasonable, rather than a reasonable, belief that deadly force was required to save the actor's life. 18 Pa.C.S. § 505(b).

**Commonwealth v. Busanet**, 54 A.3d 35, 56 (Pa. 2012) quoting **Commonwealth v. Rivera**. 983 A.2d 1211, 1224 (Pa. 2009) (emphasis added). **See also** [**Commonwealth v.**] **Tilley**, [595 A.2d 575, 587 (Pa. 1991)].

The standard jury instruction for unreasonable belief self-defense also states that said instruction is to be given only if the facts of record support it. Included in the jury instruction is a statement that the defendant did not violate his duty to retreat.

In the case *sub judice*, the evidence **clearly** demonstrated that [Appellant] violated a duty to retreat, and in fact went to the victims and ambushed them! [Appellant] admitted in his testimony to shooting Scott and [T.W.] Video evidence showed [Appellant] sneak up to a wall, hide behind it to await the approach of Scott and [T.W.], jump out, and start shooting rapidly at Scott and [T.W.] There simply is no question that [Appellant] violated the duty to retreat. Accordingly, [Appellant] was not entitled to a jury instruction on unreasonable belief voluntary manslaughter and [Appellant's] trial counsel was not ineffective in failing to request the Court for such a jury instruction.

- 9 -

PCRA Court Opinion, 7/6/22, at 12-13 (emphasis in original). Our review of the record reveals ample support for the PCRA court's reasoning. Thus, Appellant's second issue does not merit relief.

In his third and final issue, Appellant argues trial counsel was ineffective for not investigating and "present[ing] the defense of [d]iminished [c]apacity thereby rendering Appellant incapable of forming the specific pre-meditated intent to kill [Scott]." Appellant's Brief at 37; **see also id.** at 37-40. Appellant bases this claim his alleged "attention deficit hyperactivity disorder (ADH[D]) and Oppositional Defiant Disorder (ODD)." **Id.** at 37. This argument is not persuasive.

The Pennsylvania Supreme Court has explained that diminished capacity is a limited defense, which does not "exculpate the defendant from criminal liability entirely, but instead negates the element of specific intent." **Commonwealth v. Gibson**, 951 A.2d 1110, 1131 (Pa. 2008). A defendant asserting diminished capacity **must** present psychiatric testimony "regarding mental disorders that affect the cognitive functions of deliberation and premeditation necessary to formulate a specific intent." **Commonwealth v. Williams**, 846 A.2d 105, 111 (Pa. 2004) (citation omitted).

Appellant points to nothing in the record, other than his own self-serving testimony at the PCRA hearing, *see* N.T., 3/4/22, 6-7, to substantiate his claim that a mental disorder negated his capacity to form the intent to kill. Appellant did not identify medical experts who could testify on his behalf or attach any medical records to his amended PCRA petition to substantiate this claim. Likewise, Appellant does not cite any legal or medical authority to support his claim that ADHD and ODD rendered him incapable of forming the intent to kill. *See* Appellant's Brief at 37-40.

To prevail on a claim counsel was ineffective for failing to present a diminished capacity defense, Appellant must show there was a basis for the defense. *Commonwealth v. Uderra*, 706 A.2d 334, 340-41 (Pa. 1998). As Appellant has failed to do so, his final claim of trial counsel's ineffectiveness does not merit relief. *See id.*

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/29/2022*